STATE v. NORMAN LEE MINTZ
and
STATE v. WILLIAM FLOYD BALLINGTON.

(Filed 19 October, 1955.)

**Crime Against Nature § 2: Criminal Law §§ 11, 62a—**

An attempt to commit the offense defined by G.S. 14-177 is an infamous act within the meaning of G.S. 14-3, and therefore sentence to the State's prison is within the limitations permitted by law.

APPEAL by defendants from *Moore (Clifton L.), J.,* August Term 1955, NEW HANOVER.

Two criminal prosecutions under bill of indictment which charges that the defendants did feloniously commit the crime against nature.

The two causes were consolidated for trial, and the court submitted the evidence to the jury on the issue only of attempt to commit the crime against nature. There was a verdict of guilty as to each defendant.

From judgments pronounced on the verdicts the defendants appealed.

*Attorney-General Rodman and Assistant Attorney-General Bruton for the State.*
*Aaron Goldberg and Rountree & Rountree for appellant Mintz.*
*W. Jack F. Canady for appellant Ballington.*

PER CURIAM. G.S. 14-177 defines the crime against nature as an "abominable and detestable" crime, and we held in *S. v. Spivey,* 213 N.C. 45, 195 S.E. 1, that an attempt to commit the crime thus defined is an infamous act within the meaning of G.S. 14-3. We still adhere to that decision. Hence the sentence imposed in the court below was within the limitations permitted by law.

The other exceptive assignments of error present no substantial question which requires discussion. They fail to point out prejudicial error. Therefore, in the trial below we find

No error.