## STATE v. WILLIAM LAYTON HARWARD.

(Filed 18 June, 1965.)

**1. Crime Against Nature § 1—**

The crime against nature is sexual intercourse contrary to the order of nature.

**2. Crime Against Nature § 2—**

Evidence in this case held sufficient to sustain conviction of defendant of committing the crime against nature with a male person.

**3. Same—**

Upon the trial of an indictment charging defendant with committing the crime against nature, defendant may be convicted of an attempt to commit the offense, which is an infamous act within the meaning of G.S. 14-3 and is punishable as a felony.

**4. Crime Against Nature § 1—**

G.S. 14-202.1 does not repeal G.S. 14-177 but is supplementary thereto and was enacted for the purpose of providing even broader protection to children.

APPEAL by defendant from *Braswell, J.,* March 1965 Criminal Session of ALAMANCE.

Criminal action tried on an indictment charging defendant with "the abominable and detestable crime against nature" with a named male person.

Plea: Not guilty. Verdict: Guilty "of attempt to commit the crime against nature." Judgment: Imprisonment in State prison for not less than four nor more than eight years.

*Attorney General Bruton and Assistant Attorney General Sanders for the State.*

*W. R. Dalton, Jr., for defendant.*

MOORE, J. Defendant assigns as error the denial of his motion in arrest of judgment.

The crime against nature is sexual intercourse contrary to the order of nature. It includes acts with animals and acts between humans *per anum* and *per os. State v. Fenner,* 166 N.C. 247, 80 S.E. 970. ". . . our statute is broad enough to include in the crime against nature other forms of the offense than sodomy and buggery. It includes all kindred acts of a bestial character whereby degraded and perverted sexual desires are sought to be gratified." *State v. Griffin,* 175 N.C. 767, 94 S.E. 678. "Proof of penetration of or by the sexual organ is essential to conviction." *State v. Whittemore,* 255 N.C. 583, 585, 122 S.E. 2d 396. The

crime against nature is a felony. G.S. 14-177; *State v. Jernigan*, 255 N.C. 732, 122 S.E. 2d 711.

The evidence is sufficient to make out a *prima facie* case against defendant of that crime with a male person *per os*. The jury returned a verdict of guilty of an attempt to commit the crime. The record does not show the ages of the actors, but during the oral argument in Supreme Court it was disclosed that both were over the age of sixteen years.

Upon the trial of an indictment for the crime against nature the accused may be convicted of the offense charged therein, or the attempt to commit the offense. G.S. 15-170; *State v. Savage*, 161 N.C. 245, 76 S.E. 238. An attempt to commit the crime against nature is an infamous act within the meaning of G.S. 14-3 and is punishable as a felony. *State v. Mintz*, 242 N.C. 761, 89 S.E. 2d 463; *State v. Spivey*, 213 N.C. 45, 195 S.E. 1.

Defendant's motion in arrest of judgment is based on the proposition that G.S. 14-202.1, a statute passed in 1955 and codified under the title "Taking Indecent Liberties with Children," repealed, by implication, the offense of attempt to commit the crime against nature, or at least reduced it from a felony to a misdemeanor.

In the opinion, delivered by Parker, J., in *State v. Lance*, 244 N.C. 455, 94 S.E. 2d 335, the construction which defendant now urges for G.S. 14-202.1 was considered directly and rejected by this Court. Defendant would have us reconsider and overrule *Lance*. The gist of the *Lance* opinion is:

> "The court has the right to look to the title of an ambiguous statute for the purpose of determining the meaning thereof and the legislative intent. *S. v. Keller*, 214 N.C. 447, 199 S.E. 620; *S. v. Woolard*, 119 N.C. 779, 25 S.E. 719; 50 Am. Jur., Statutes, sec. 311."

> "Ch. 764, Session Laws 1955, now codified as G.S. 14-202.1, is captioned 'An Act to provide for the protection of children from sexual psychopaths and perverts,' and reads: 'Section 1. Any person over 16 years of age who, with intent to commit an unnatural sexual act, shall take, or attempt to take, any immoral, improper, or indecent liberties with any child of either sex, under the age of 16 years, or who shall, with such intent, commit, or attempt to commit, any lewd or lascivious act upon or with the body, or any part or member thereof, of such child, shall, for the first offense, be guilty of a misdemeanor and for a second or subsequent offense shall be guilty of a felony, and shall be fined or imprisoned in the

discretion of the court. Sec. 2. All laws and clauses of laws in conflict with this Act are hereby repealed.'

"It is manifest that G.S. 14-202.1 does not repeal, and was not intended to repeal, in its entirety G.S. 14-177. . . . To hold otherwise would lead to the absurdity of imputing to the legislative body a purpose to abolish the statute condemning crimes against nature."

"G.S. 14-202.1 is not repugnant to G.S. 14-177 so as to work a repeal in part of G.S. 14-177, intentionally or otherwise. The two acts are complementary rather than repugnant or inconsistent. G.S. 14-177 condemns crimes against nature whether committed against adults or children. G.S. 14-202.1 condemns those offenses of an unnatural sexual nature against children under 16 years of age by persons over 16 years of age which cannot be reached and punished under the provisions of G.S. 14-177. G.S. 14-202.1, of course, condemns other acts against children than unnatural sexual acts. The two statutes can be reconciled, and both declared to be operative without repugnance."

Rodman, J., in *State v. Whittemore, supra,* refers to *Lance* with approval in these terms:

"An article entitled "The Law of Crime Against Nature" was published in 32 N. C. Law Rev. 312 in 1954. The author traces the history of the statute, takes note of the few times this Court had been called upon to interpret the statute and the need of additional legislation to specifically define criminal sexual conduct. The Legislature, at the session following the publication of this article, enacted c. 764 S. L. 1955, now G.S. 14-202.1. That Act supplements G.S. 14-177. *S. v. Lance,* 244 N.C. 455, 94 S.E. 2d 335."

Thereafter, in *State v. Wright,* 263 N.C. 129, 139 S.E. 2d 10, a case involving a charge of the crime against nature with a thirteen-year-old boy, this Court upheld a judgment based on a verdict of guilty of attempt to commit the crime against nature.

It is our considered judgment that the arguments advanced by defendant for overruling the *Lance* decision are not valid. Indeed, substantially the same arguments were made by defendant in the *Lance* case; they were then considered, discussed in the opinion, and rejected. We have fully reconsidered the matter in the light of our own research, and we find no valid reason for reversing our former opinion. The article in 32 N. C. Law Review 312 (April 1954), entitled "The Law of Crime Against Nature," advocated the drafting and enactment by the General

Assembly of a law covering the entire subject of unnatural intercourse as a substitute for the common law principles recognized and applied in this jurisdiction, and it set out provisions to be embodied in the law, including one covering molestation of children under the age of sixteen. Since G.S. 14-202.1 (passed at the 1955 Session) embodies some of the language of the Law Review article, it is reasonable to infer that the General Assembly fully considered the recommendations made. It did not rewrite or revise the crime against nature laws. Action was limited to the passage of G.S. 14-202.1. It is clear that there was no legislative intent to repeal the law respecting the crime against nature in any aspect; the intent was to supplement it and to give even broader protection to children.

No error.