STATE OF NORTH CAROLINA v. JOHN J. WILSON

No. 7525SC772

(Filed 21 July 1976)

1. Perjury § 1— elements of perjury

The essential elements of the crime of perjury are: a false statement under oath, knowingly, wilfully and designedly made, in a proceeding in a court of competent jurisdiction, or concerning a matter wherein the affiant is required by law to be sworn, as to some matter material to the issue or point in question.

2. Perjury § 3— sufficiency of indictment

Indictment sufficiently set forth the substance of the offense of perjury and conformed in all essential respects with the statutory form set forth in G.S. 15-145.

3. Indictment and Warrant § 13; Perjury § 3— denial of bill of particulars

The court in a perjury case did not abuse its discretion in the denial of defendant's motion for a bill of particulars where the indictment was sufficiently specific to inform defendant as to the statements by which he was alleged to have perjured himself.

4. Criminal Law § 40; Perjury § 4— entire testimony at former trial

In this prosecution for perjury, defendant was not prejudiced by the admission without limitation of the transcript of defendant's entire testimony at the murder trial at which he allegedly committed perjury.

5. Criminal Law § 90; Perjury § 4— testimony not impeachment of State's own witness

In a prosecution of defendant for perjury in a murder trial, testimony by a State's witness that he had himself testified falsely at the murder trial did not violate the general rule against impeachment of one's own witness since the testimony was not introduced for the purpose of impeaching the credibility of the witness but was admitted for the purpose of establishing the falsity of the oath of defendant, who had corroborated the witness's testimony at the former trial.

6. Perjury § 4— competency of testimony

In a prosecution for perjury in a murder trial, a witness's testimony that defendant was not at the place where the murder occurred and that he and defendant had gone over their statements together prior to the murder trial to see how they compared was properly admitted as being within the witness's own knowledge and as having a direct bearing on defendant's alleged false testimony.

7. Perjury § 5— proof of perjury — two witnesses

In a prosecution for perjury it is required that the falsity of the oath be established by the testimony of two witnesses, or by one witness and corroborating circumstances sufficient to turn the scales against the defendant's oath.

**8. Perjury § 5— sufficiency of evidence**

   The State's evidence was sufficient for the jury in a prosecution for perjury where it tended to show that defendant testified in a murder trial that the accused had been attacked by the victim and another and that the shooting occurred while the accused was trying to defend himself, a witness testified that defendant was not present at the time and place of the shooting and two eyewitnesses to the shooting testified to a course of events diametrically opposed to those described in defendant's sworn testimony.

**9. Perjury § 5.5— instructions — materiality of false testimony**

   The trial court did not err in instructing the jury that allegedly perjured testimony in a murder trial related to significant issues of fact in that trial since the materiality of the testimony assigned as perjury was a question of law for the court.

APPEAL by defendant from *Ferrell, Judge.* Judgment entered 17 April 1975 in Superior Court, CALDWELL County. Heard in the Court of Appeals 20 January 1976.

Criminal prosecution for perjury. Defendant was charged in a bill of indictment with committing the felony of perjury on 13 April 1974 at the trial in Superior Court in Caldwell County of one Charles Austin Pearson for first degree murder, "by falsely asserting on oath or solemn affirmation that (1) on or about the 29th day of September, 1973, two men attacked and assaulted Charles Austin Pearson. (2) That Charles Austin Pearson did not attack or assault anyone. (3) That Charles Austin Pearson never went to the car of the deceased William Grantham Morgan," said matter being material to the issue being tried and defendant knowing said statements to be false, "or being ignorant whether or not said statements were true." Defendant pled not guilty.

At the trial the State presented the testimony of the court reporter who had transcribed the testimony given by defendant as a witness at the Pearson trial. The transcript of the testimony of defendant given at that trial was introduced into evidence and was read to the jury. In his testimony given at the Pearson trial defendant testified that on the night of 29 September 1973 he drove his automobile with one Watson as his passenger to the parking lot of the Cedar Rock Country Club and there witnessed a fight between Pearson, Morgan, and one Miller. Defendant described the fight in graphic detail, including a description of how Morgan and Miller struck and hit Pearson, how Pearson tried to get away, and how Pearson

finally managed to get to his car and procure a pistol, which he fired into the air. The picture painted by defendants' testimony at the Pearson trial showed an unprovoked assault upon Pearson by Morgan and Miller to which Pearson responded by trying to defend himself. As defendant described it, the fight took place near the Pearson car and not at the car in which Morgan had been riding.

At defendant's trial for perjury the State presented the testimony of Watson, who testified that at the Pearson murder trial he had sworn falsely that defendant Wilson was with him at the parking lot of the Country Club on the night of the shooting, whereas in fact Wilson was not there. He also testified that he and Wilson had gone over their statements together prior to the Pearson trial to see how they compared. The State also presented the testimony of Miller and one King, who described the events at the parking lot on the night that Morgan was shot and killed. Their testimony showed that Pearson had come to the car in which Morgan was seated, had there pointed a pistol at Morgan and ordered him out of the car, and had subsequently shot Morgan in the back of the head, killing him.

Defendant did not offer any evidence. The jury found defendant guilty of perjury, and from judgment imposing a prison sentence, defendant appealed.

*Attorney General Edmisten by Senior Deputy Attorney General R. Bruce White, Jr., Assistant Attorney General Zoro J. Guice, Jr. and Associate Attorney General Guy Hamlin, for the State.*

*Wilson & Palmer by W. C. Palmer and G. C. Simmons III for defendant appellant.*

PARKER, Judge.

Defendant first assigns error to the denial of his motion to quash the indictment. He contends that it lacks "such certainty in the statement of accusation as will identify with particularity the offense sought to be charged." We do not agree.

[1, 2]  The essential elements of the crime of perjury, as defined by common law and extended by G.S. 14-209, are substantially these: "a false statement under oath, knowingly, wilfully and designedly made, in a prooceding in a court of competent jurisdiction, or concerning a matter wherein the

affiant is required by law to be sworn, as to some matter material to the issue or point in question." *State v. Smith,* 230 N.C. 198, 201, 52 S.E. 2d 348, 349 (1949). By statute in this State, G.S. 15-145, in an indictment for perjury "it is sufficient to set forth the substance of the offense charged," and the statute prescribes a form of indictment which shall be sufficient. We find that the indictment on which defendant was tried adequately sets forth the substance of the offense charged and that it conforms in all essential respects with the statutory form set forth in G.S. 15-145. Defendant's first assignment of error is overruled.

[3] Defendant next contends that, even if the bill of indictment is valid, the court erred in denying defendant's motion for a bill of particulars. G.S. 15-143, applicable to defendant's trial, provided for the furnishing of further information not required to be set out in the indictment and placed the grant or denial of a motion for such information solely in the discretion of the court. (G.S. 15-143 was repealed by Session Laws 1973, c. 1286, s. 26, effective 1 September 1975; for presently applicable statute, see G.S. 15A-925). The ruling by the court on such a motion is not subject to review except for palpable and gross abuse of discretion. *State v. Lippard,* 223 N.C. 167, 25 S.E. 2d 594 (1943). We find no abuse of discretion in the present case. The bill of indictment is sufficiently specific to inform defendant as to the statements by which he was alleged to have perjured himself. Furthermore, although the bill of indictment was returned approximately nine months previously, defendant did not request a bill of particulars until the day the case was called for trial. Defendant's second assignment of error is overruled.

[4] Defendant contends the court erred in allowing the court reporter from the previous Pearson murder trial to read in its entirety the transcript of defendant's testimony at that trial. Defendant concedes such a transcript would have been admissible in his perjury trial (1) for the limited purpose of identifying the proceedings at which it was alleged he committed perjury and (2) for the determination, by means of reading selected portions of his testimony, of whether he had made such statements and whether such statements were material to the issues of the Pearson case. Defendant asserts, however, that to allow the entire transcript of his testimony to be read without limitation was prejudicial error. We find no error. In *State v. Mann,* 219 N.C. 212, 13 S.E. 2d 247 (1941), introduction of the transcript of testimony given in a former trial was not limited solely

to those portions containing the alleged perjured testimony. Although portions of defendant's testimony at the Pearson murder trial may have been irrelevant to any issue raised at his perjury trial, upon careful examination of the record before us, we find no way in which the admission of such irrelevant material was prejudicial to the defendant.

[5, 6]  Defendant makes several assignments of error relating to the testimony given by the witness Watson. We find no merit in any of these. Watson's testimony given on direct examination at defendant's perjury trial, in which he admitted that he had himself testified falsely at the Pearson murder trial, was not admitted in violation of the general rule against impeachment of one's own witness. Such testimony was not introduced by the State for the purpose of impeaching the credibility of Watson but was admitted for the purpose of establishing the falsity of the oath of the defendant, who had corroborated Watson's testimony at the former trial. Defendant's contention that Watson's testimony was irrelevant and inflammatory is likewise without merit. Such testimony bore directly on the issue of defendant's alleged perjury. Defendant's objection to Watson's testimony that defendant was not at the Country Club parking lot on the night in question cannot be upheld. This clearly related to a matter within Watson's own knowledge concerning which he was competent to testify. Similarly, testimony by Watson both concerning conversations held by him with defendant Wilson prior to the Pearson murder trial to discuss testimony to be given by them at the Pearson trial and concerning who directed him to falsify his evidence was properly admitted as being within Watson's own knowledge and as having a direct bearing on defendant's alleged false testimony.

[7, 8]  Defendant assigns error to the court's denial of his motion for nonsuit. Considering the evidence in the light most favorable to the State and giving the State every reasonable inference from the evidence presented, we find the evidence amply sufficient to warrant submission of the case to the jury. In a prosecution for perjury it is required that the falsity of the oath be established by the testimony of two witnesses, or by one witness and corroborating circumstances sufficient to turn the scales against the defendant's oath. *State v. Sailor*, 240 N.C. 113, 81 S.E. 2d 191 (1954). Here, the State presented the testimony of Watson that defendant was not present at the scene and therefore could not have testified truthfully concern-

ing the events which under oath he so vividly described at the Pearson trial. Corroborating this was the testimony of Miller and King, who were eyewitnesses at the scene, and who testified to a course of events diametrically opposed to those described in defendant's sworn testimony at the Pearson trial, including especially his testimony concerning the matters alleged in the bill of indictment. There was no error in denying the motion for nonsuit.

[9] Defendant contends the court erred in the following portion of the charge, relating to the element of "materiality" of the defendant's alleged perjured testimony, in which the court instructed the jury that to find defendant guilty of perjury:

> " . . . the State must prove that the testimony was material; that is, that it tended to mislead the jury in regard to a significant issue of fact. Whether Charles Austin Pearson on September 29, 1973, was attacked or assaulted by two men; that Charles Austin Pearson did not assault or attack anyone; and that Charles Austin Pearson did not go to the automobile of W. G. Morgan was (sic) significant issues of fact in the Charles Austin Pearson trial."

Defendant asserts the effect of this charge was to instruct the jury peremptorily that the alleged false statements were, in fact, material to an issue of fact in the Pearson trial, thus invading the province of the jury on an issue of fact. We find no error. Although we have found no decision of our own Supreme Court on this point, "[t]he rule established in almost all jurisdictions in which the point has been in any way passed upon is that on a trial for perjury the question of the materiality of the alleged false testimony is in its nature a question of law for the court rather than of fact for the jury." Annot., 62 A.L.R. 2d 1027; 60 Am. Jur. 2d. Perjury § 11. Although some of the decisions adhering to this rule recognize that in a given instance the evidence may be such that the issue of materiality becomes a fixed question of law and fact to be submitted to the jury under appropriate instructions, we do not find that to be so in the present case. Here, the materiality of the testimony assigned as perjury was clearly a question of law for the court.

In defendant's trial and in the judgment appealed from we find

Construction Co. v. Bank

No error.

Judges HEDRICK and ARNOLD concur.