STATE OF NORTH CAROLINA v. NANCY SMALL TYNER

No. 8026SC587

(Filed 16 December 1980)

**Criminal Law § 4; Courts § 3— solicitation to commit offense — no felony — no jurisdiction in superior court**

Solicitation to commit a crime against nature cannot be construed as an attempt to commit a crime against nature; solicitation to commit a crime against nature is therefore not an "infamous misdemeanor" under G.S. 14-3; and the superior court therefore did not have original jurisdiction of such a charge.

APPEAL by the State from *Snepp, Judge.* Order entered 20 February 1980 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals on 4 November 1980.

Defendant was indicted for solicitation to commit a crime against nature on 9 July 1979. Defendant filed a motion to dismiss the indictment on 20 February 1980, contending that "the Superior Court is without jurisdiction to try said matter for that the same charges a misdemeanor and that the original jurisdiction of such charge is in the District Court." From an order dismissing the indictment on the requested grounds, the State appealed pursuant to G.S. § 15A-1445 (a).

*Attorney General Edmisten, by Assistant Attorney General W. Dale Talbert, for the State.*

*James B. Ledford, for the defendant appellee.*

HEDRICK, Judge.

The sole question presented by this appeal is whether the superior court has original jurisdiction to try the offense with which defendant was charged. G.S. §§ 7A-271 and 7A-272 provide that the exclusive and original jurisdiction for the trial of all criminal actions below the grade of felony, with several exceptions not here in issue,

State v. Tyner

shall be in the district court, while the trial of all felony actions shall be within the exclusive and original jurisdiction of the superior court.

Citing *State v. Spivey,* 213 N.C. 45, 195 S.E. 1 (1938), the State asserts that an *attempt* to commit a crime against nature has been declared to be an infamous misdemeanor under G.S. § 14-3, and that G.S. § 14-3 provides that "infamous misdemeanors" are to be felonies. To this we agree. *See, e.g., State v. Harward,* 264 N.C. 746, 142 S.E.2d 691 (1965); *State v. Mintz,* 242 N.C. 761, 89 S.E.2d 463 (1955). The State further contends, however, that *solicitation* to commit a crime against nature is the same as an attempt to commit a crime against nature, thus making solicitation to commit a crime against nature an "infamous misdemeanor" felony properly within the original jurisdiction of the superior court. To this we cannot agree.

The offense of crime against nature is of course a felony in this State. G.S. § 14-177; *State v. Harward, supra.* The gravamen of the offense of solicitation to commit a felony lies in counseling, enticing, or inducing another to commit a crime. *State v. Furr,* 292 N.C. 711, 235 S.E.2d 193, *cert. denied,* 434 U.S. 924, 54 L.Ed.2d 281, 98 S.Ct. 402 (1977). The offense of solicitation is complete with the act of solicitation, even though there never could be acquiescence in the scheme by the one solicited, *State v. Keen,* 25 N.C. App. 567, 214 S.E.2d 242 (1975), and even where the solicitation is of no effect. *State v. Hampton,* 210 N.C. 283, 186 S.E. 251 (1936).

Attempt to commit a felony, on the other hand, involves an intent to commit the felony indicated and an overt act done for that purpose which goes beyond mere preparation but falls short of the completed offense. *State v. Smith,* 300 N.C. 71, 265 S.E.2d 164 (1980); *State v. Bailey,* 4 N.C. App. 407, 167 S.E.2d 24 (1969). The overt act involved need not be the last proximate act to the consummation of the felony attempted to be perpetrated, but it must be near enough to it to stand either as the first or some subsequent step in a direct movement toward the commission of the felony. *State v. Dowd,* 28 N.C. App. 32, 220 S.E.2d 393 (1975).

In our view, solicitation to commit a felony and attempt to commit a felony are two separate and distinct offenses. The crime of solicitation, unlike attempt, does not involve an overt act toward the commission of the underlying felony, as the crime of solicitation is complete with the mere act of "enticing or inducing." Moreover, the elements of the two offenses require two very different types of ana-

lyses. We hold that solicitation to commit a crime against nature cannot be construed as an attempt to commit a crime against nature, that solicitation to commit a crime against nature is therefore not an "infamous misdemeanor" under G.S. § 14-3, and that the superior court properly dismissed the indictment for want of jurisdiction.

Affirmed.

Judges CLARK and WHICHARD concur.