STATE OF NORTH CAROLINA v. JIM CLAY HUFF

No. 8121SC1073

(Filed 6 April 1982)

**1. Perjury § 2— solicitation of perjury—crime not supplanted by statute**
     The common law crime of solicitation of perjury has not been supplanted by the subornation of perjury statute, G.S. 14-210.

**2. Criminal Law §§ 4, 16.1; Perjury § 1— solicitation of perjury—infamous offense—original jurisdiction in superior court**

    Solicitation to commit perjury, or attempted subornation of perjury, is an "infamous offense" which is a felony within the original jurisdiction of the superior court. G.S. 14-3(b).

APPEAL by the State from *Mills, Judge.* Order entered 10 June 1981 in Superior Court, FORSYTH County. Heard in the Court of Appeals 9 March 1982.

Defendant was indicted for solicitation to commit the felony of perjury. The indictment alleged that the solicitation was done "in secret and malice, and with deceit and intent to defraud." Through counsel, defendant moved to dismiss the charge in that the indictment failed to charge him with a crime in the manner required by G.S. 15A-924(a) because the common law crime of solicitation of another to commit perjury has been replaced by the statutory offense of subornation of perjury. Defendant also complained that the use of the term "infamous felony" in the charge was vague and indefinite.

At a hearing on 8 June 1981 the trial court dismissed the indictment, *sua sponte*, concluding as a matter of law that solicitation of another to commit perjury is a misdemeanor and therefore not within the original jurisdiction of the superior court under G.S. 7A-271. From the order dismissing the indictment, the State appeals pursuant to G.S. 15A-1445.

*Attorney General Edmisten by Assistant Attorney General Barry S. McNeill for the State.*

*Alexander and Hinshaw by Charles J. Alexander, II, and T. Lawson Newton for defendant appellee.*

CLARK, Judge.

The State challenges the trial court's ruling that the Superior Court of Forsyth County is without jurisdiction to try this case. G.S. 7A-271 and 7A-272 provide that the district court has exclusive and original jurisdiction over trials in all criminal actions below the grade of felony, with several exceptions not here in issue, and that the superior court has exclusive and original jurisdiction over trials of all felony actions.

[1]  Perjury and subornation of perjury are felonies pursuant to G.S. 14-209 and 14-210. Defendant argues that these are the only offenses concerning perjury in North Carolina and asserts that solicitation of perjury as it existed at common law no longer exists, having been supplanted by G.S. 14-210. However, subornation of perjury requires that the State prove two elements: the commission of perjury by the person suborned and the willful procurement or inducement of that person by the suborner. *State v. McBride*, 15 N.C. App. 742, 190 S.E. 2d 658 (1972). Defendant would have us hold that the unsuccessful attempt to suborn perjury is not punishable as a crime. Although we find no North Carolina case law on this point, we agree with the following statement found in 60 Am. Jur. 2d *Perjury* § 68 at 1008 (1972):

> "A futile attempt to induce a witness to commit perjury is a crime, being an act done with the intention of preventing the due course of justice. In order to constitute the offense, the act of the accused must be such that it would have resulted in subornation of perjury on his part and perjury on the part of the person attempted to be suborned, if that person had committed the act that the accused endeavored to have him perform."

[2]  Defendant in this case was charged in the indictment in pertinent part as follows:

> ". . . [Defendant] unlawfully and wilfully did feloniously[,] infamously, and in secret and malice, and with deceit and intent to defraud, did [*sic*] corruptly solicit Jeff Cecil to commit the infamous crime of Perjury by corruptly soliciting the said Jeff Cecil to make a false statement of a material fact under oath, . . ."

The State argues that the solicitation to commit perjury constitutes a felony and is properly within the jurisdiction of the superior court.

Solicitation to commit a felony was a misdemeanor at common law. Perkins, Criminal Law 583 (2d ed. 1969). However, G.S. 14-3(b) states: "If a misdemeanor offense . . . be infamous, done in secrecy and malice, or with deceit and intent to defraud, the offender shall, . . . be guilty of a felony . . . ."

The courts of this State have held that attempts to commit a felony are infamous crimes. *See State v. Harward*, 264 N.C. 746, 142 S.E. 2d 691 (1965) (attempt to commit crime against nature); *State v. Parker*, 262 N.C. 679, 138 S.E. 2d 496 (1964) (attempt to commit armed robbery); *State v. Surles*, 230 N.C. 272, 52 S.E. 2d 880 (1949) (attempt to commit burglary); *State v. Page*, 32 N.C. App. 478, 232 S.E. 2d 460, *disc. rev. denied*, 292 N.C. 643, 235 S.E. 2d 64 (1977) (attempt to obtain money by false pretenses). However, in *State v. Tyner*, 50 N.C. App. 206, 272 S.E. 2d 626 (1980), *disc. rev. denied*, 302 N.C. 633, 280 S.E. 2d 451 (1981), this Court held that solicitation to commit a crime against nature was not an "infamous misdemeanor" so as to be within the original jurisdiction of the superior court. Differentiating between "attempt" and "solicitation," the court stated:

> "The gravamen of the offense of solicitation to commit a felony lies in counseling, enticing, or inducing another to commit a crime. (citation omitted) The offense of solicitation is complete with the act of solicitation, even though there never could be acquiescence in the scheme by the one solicited, (citation omitted) and even where the solicitation is of no effect. (citation omitted)
>
> Attempt to commit a felony, on the other hand, involves an intent to commit the felony indicated and an overt act done for that purpose which goes beyond mere preparation but falls short of the completed offense. . . .
>
> In our view, solicitation to commit a felony and attempt to commit a felony are two separate and distinct offenses. The crime of solicitation, unlike attempt, does not involve an overt act toward the commission of the underlying felony, as the crime of solicitation is complete with the mere act of 'enticing or inducing.'" *Id.* at 207, 272 S.E. 2d at 627.

We believe, however, that the distinction between "attempt" and "solicitation" is not applicable to the offenses of perjury and subornation of perjury. "Strictly speaking it (subornation of perjury) is not a crime that is perpetrated,— it can only be procured. And solicitation, being the most direct and final step in the effort to procure this offense, has properly been recognized as constituting an attempt. It is not attempted perjury, it should be emphasized, but attempted subornation of perjury." *Perkins, supra,*

at 586. Therefore, following the line of cases which hold that an attempt to commit a felony is an infamous offense, we find that solicitation to commit perjury, or more properly attempted subornation, constitutes an "infamous offense."

The wording of the indictment charges that defendant solicited another to commit perjury in secret and malice, and with deceit and intent to defraud. Deceit and intent to defraud are necessary elements of subornation and attempted subornation of perjury. The person who solicits the perjury must have attempted to counsel, entice, or induce another to deceive the court by a false statement under oath. *See State v. Wilson*, 30 N.C. App. 149, 226 S.E. 2d 518 (1976).

We hold, therefore, that solicitation to commit perjury is a felony within the terms of G.S. 14-3(b), and that the Superior Court of Forsyth County does have original jurisdiction over the offense with which defendant is charged.

The order dismissing the indictment against defendant is reversed and this cause is remanded for trial.

Reversed and remanded.

Judges ARNOLD and WEBB concur.