STATE OF NORTH CAROLINA v. JEFFERY V. CLEMMONS, DEFENDANT-APPELLANT

No. 8914SC1332

(Filed 18 September 1990)

1. **Criminal Law § 3 (NCI4th); Obstructing Justice § 2 (NCI3d) — solicitations of obstruction of justice — attempt to obstruct justice — indictments not duplicitous**

> The trial court properly refused to quash as duplicitous two of the three indictments charging defendant with solicitation of obstruction of justice in a specific criminal case, attempt

to commit obstruction of justice in such case, and solicitation of obstruction of justice in future cases, since each indictment alleges a separate and distinct criminal offense.

**Am Jur 2d, Criminal Law § 162; Obstructing Justice § 102.**

2. **Criminal Law § 3 (NCI4th); Obstructing Justice § 2 (NCI3d) — solicitation to obstruct justice in future cases — sufficiency of indictment**

An indictment was sufficient to charge defendant with solicitation of obstruction of justice where it alleged that defendant solicited the loss prevention manager of a K-Mart store to refer wealthy individuals he should charge with shoplifting or larceny to defendant as a bondsman and to accept money from defendant as a bribe for declining to prosecute those individuals, since there was no requirement of a pending case for the crime of solicitation, and the indictment was sufficient to protect defendant from double jeopardy.

**Am Jur 2d, Criminal Law § 162; Obstructing Justice § 102.**

3. **Obstructing Justice § 1 (NCI3d) — attempt to obstruct justice — sufficiency of evidence**

Defendant's conviction of an attempt to obstruct justice was supported by evidence that he delivered six hundred dollars to a K-Mart loss prevention manager to cause the manager to tell the district attorney that he had made a mistake and to dismiss a larceny case even though the manager never intended to persuade the district attorney to dismiss the larceny case.

**Am Jur 2d, Obstructing Justice §§ 25, 110.**

4. **Obstructing Justice § 1 (NCI3d) — solicitation of obstruction of justice — pending case unnecessary**

The presence of a pending case is not an essential element of solicitation of obstruction of justice.

**Am Jur 2d, Criminal Law § 162; Obstructing Justice § 12.**

5. **Criminal Law § 6 (NCI4th); Obstructing Justice § 2 (NCI3d) — solicitation and attempt to obstruct justice — infamous misdemeanors — jurisdiction of superior court**

Indictments for solicitation to obstruct justice and attempt to obstruct justice charged infamous misdemeanors which

became Class H felonies under N.C.G.S. § 14-3(b) so as to give the superior court jurisdiction over the offenses where the indictments alleged that the offenses were infamous and detailed actions by defendant involving elements of deceit and intent to defraud.

**Am Jur 2d, Criminal Law § 24; Obstructing Justice § 102.**

6. **Criminal Law § 823 (NCI4th) — testimony by undercover agents or informants — instruction not required**

The trial court properly refused to instruct the jury concerning the testimony of undercover agents or informants where a witness reported a crime to the police and cooperated with the police in their efforts to gather evidence of the crime but was not in the employ of the police and did not receive payment for his cooperation.

**Am Jur 2d, Trial §§ 687, 689.**

7. **Obstructing Justice § 1 (NCI3d) — instructions — solicitation to obstruct justice in future cases**

The trial court did not commit plain error in instructing the jury on the offense of solicitation to obstruct justice in future cases.

**Am Jur 2d, Obstructing Justice § 112.**

APPEAL by defendant from judgments entered 17 August 1989 by *Judge Robert H. Hobgood* in DURHAM County Superior Court. Heard in the Court of Appeals 20 August 1990.

On 3 April 1989, defendant was indicted on two charges of soliciting obstruction of justice and one charge of attempting to obstruct justice. The defendant was convicted and sentenced on all charges. From these judgments, defendant appeals.

At trial, evidence was presented tending to show the following facts: On Wednesday, 16 November 1988 defendant approached Nicholas Butler, Loss Prevention Manager at the K-Mart store on Avondale Drive in Durham, and told Butler he wanted to speak with him regarding Cecilia Friemark, a woman charged with larceny in an incident at the store on the previous day. Defendant told Butler he wanted to speak with him in private, so they went to the store's security office.

Defendant had posted bond for Friemark, whom he described as wealthy and said she wanted the whole thing to disappear. Defendant told Butler that Butler was the one who could make that happen and suggested that Butler could make some money as a result. Butler told defendant he needed a couple of days to think about the offer, and suggested they meet on Friday, 18 November.

On Thursday, 17 November Butler went to the District Attorney's office and related the previous day's conversation with the defendant. From there Butler was taken to the Durham Police Department, where he again told what had taken place the day before. On Friday, 18 November police set up surveillance outside the K-Mart store, placed a microphone in the security office, and set up a tape recorder in the office next to the security office.

When defendant arrived, he and Butler went to the security office to discuss what defendant wanted Butler to do. Defendant suggested Butler could take a dismissal or tell the District Attorney that he had made a mistake in the *Friemark* case and say he was not going to prosecute. When Butler asked what Friemark's offer was, defendant went outside to speak with her. Upon his return, he told Butler her offer was six hundred dollars. Again defendant left to speak with Friemark, and returned to say that she would have the money on Monday, 21 November. Defendant said he would call Butler on Saturday, 19 November to arrange a time to meet on Monday, 21 November and then asked if he were going to get a commission.

On 21 November police again established their surveillance inside and outside the store. Defendant arrived with a check for six hundred dollars made out to defendant's wife. After showing it to Butler, defendant left to have his wife cash the check. Defendant returned, counted out six hundred dollars in cash, and handed it to Butler. During this same meeting defendant told Butler that there might be cases in the future where Butler would apprehend someone who was well off, and he could refer them to defendant for bail bonds. In such event defendant stated that "we can do this again. We can make ourselves some money here." After defendant left, Butler turned the six hundred dollars over to the Durham police officers.

STATE v. CLEMMONS

[100 N.C. App. 286 (1990)]

*Attorney General Lacy H. Thornburg, by Assistant Attorney General William P. Hart, for the State.*

*Loflin & Loflin, by Thomas F. Loflin, III, for defendant appellant.*

ARNOLD, Judge.

[1] In his first assignment of error, defendant contends the trial court erred in refusing to quash two of the three bills of indictment as being duplicitous of a single offense. We do not agree.

The first indictment charges defendant with solicitation of obstruction of justice in the case of *State v. Friemark*. "The gravamen of the offense of solicitation to commit a felony lies in counseling, enticing, or inducing another to commit a crime." *State v. Tyner*, 50 N.C. App. 206, 207, 272 S.E.2d 626, 627 (1980), *disc. review denied*, 302 N.C. 633, 280 S.E.2d 451 (1981). Between 16 and 18 November 1988, defendant requested that Butler speak with the District Attorney and get the case dismissed. Defendant told Butler he would make some money for doing so. Accordingly, defendant's act of requesting that Butler get the *Friemark* case dismissed constituted the complete offense of solicitation.

The second indictment charges defendant with attempt to commit obstruction of justice in the *Friemark* case. On 21 November defendant paid Butler six hundred dollars to have the case dismissed. "Attempt to commit a felony . . . involves an intent to commit the felony indicated and an overt act done for that purpose which goes beyond mere preparation but falls short of the completed offense." *Tyner*, 50 N.C. App. at 207, 272 S.E.2d at 627. Attempt, unlike solicitation, requires an overt act. "In our view, solicitation to commit a felony and attempt to commit a felony are two separate and distinct offenses. The crime of solicitation, unlike attempt, does not involve an overt act toward the commission of the underlying felony, as the crime of solicitation is complete with the mere act of 'enticing or inducing.' " *Id.*

The third indictment charges defendant with solicitation of obstruction of justice in future cases involving Butler as a witness for the State arising from Butler's position as Loss Prevention Manager. This solicitation made on 21 November differs from the solicitation of 16-18 November both in time and intent. Defendant sought to establish a system of referrals from Butler of wealthy

individuals he charged with shoplifting or larceny, and then seek dismissals in return for payment of money.

Each indictment specifically alleges three separate and distinct criminal offenses. The trial court correctly refused to quash two of the three indictments as duplicitous.

[2] Defendant next assigns error to the trial court's refusal to quash or dismiss the third indictment because it failed as a matter of law to charge any criminal conduct. Defendant asserts that there must be a pending case before one may solicit to obstruct justice. "The offense of solicitation is complete with the act of solicitation, even though there never could be acquiescence in the scheme by the one solicited, *State v. Keen*, 25 N.C. App. 567, 214 S.E.2d 242 (1975), and even where the solicitation is of no effect." *Tyner*, 50 N.C. App. at 207, 272 S.E.2d at 627. There is no requirement of a pending case.

Defendant further argues that the third indictment is insufficient as a matter of law to protect him from future double jeopardy. For an indictment to be good, it must lucidly and accurately allege all the offense's essential elements. One purpose of this requirement is to protect a defendant from double jeopardy. *State v. Greer*, 238 N.C. 325, 77 S.E.2d 917 (1953).

The indictment charged defendant with soliciting Nick Butler on 21 November to refer wealthy individuals he had charged with larceny or shoplifting to defendant as bondsman, and accept payments of money from defendant as a bribe to have Butler then decline to prosecute these individuals. The indictment is sufficiently lucid and accurate to allow defendant to defend himself against any future charges arising from this particular act of solicitation.

Defendant's third assignment of error is that the trial court erred in refusing to dismiss the second and third indictments at the close of all evidence, as in the case of nonsuit. The State must offer substantial evidence of each element of the charged offense to survive a motion for judgment of nonsuit.

[3] Defendant alleges that Butler never intended to persuade the District Attorney to dismiss the *Friemark* case and therefore no attempt occurred as the second indictment charges. "[W]hen a defendant has the specific intent to commit a crime and under the circumstances as he reasonably saw them did the acts necessary to consummate the substantive offense, but, because of facts unknown

to him essential elements of the substantive offense were lacking, he may be convicted of an attempt to commit the crime." *State v. Hageman*, 307 N.C. 1, 13, 296 S.E.2d 433, 441 (1982). Defendant delivered six hundred dollars in cash to Butler for the purpose of causing Butler to tell the District Attorney that he had made a mistake and to dismiss the *Friemark* case.

**[4]** Defendant contends the State failed to present evidence of a pending case, which defendant asserts is an essential element of the third offense charged. As discussed earlier, the presence of a pending case is not an essential element of solicitation of obstruction of justice.

The State offered substantial evidence of each element of the charged offenses. The trial court correctly refused to grant defendant's motion for nonsuit at the close of the evidence.

**[5]** Defendant's fourth assignment of error is the trial court lacked subject matter jurisdiction because the indictments charged misdemeanor offenses. Both solicitation to obstruct justice and attempt to obstruct justice are misdemeanors under the common law. Under N.C. Gen. Stat. § 14-3(b) (1979), for a misdemeanor at common law to be raised to a Class H felony, it must be infamous, or done in secret and with malice, or committed with deceit and intent to defraud. If the offense falls within any of these categories, it becomes a Class H felony and is punishable as such. *State v. Mann*, 317 N.C. 164, 345 S.E.2d 365 (1986).

Each of defendant's three indictments charged that the offenses were infamous, which the statute requires to raise the offenses to a Class H felony. In addition, the indictments detailed defendant's actions involving elements of deceit and intent to defraud.

At common law, . . . an infamous crime is one whose commission brings infamy upon a convicted person, rendering him unfit and incompetent to testify as a witness, such crimes being treason, felony, and *crimen falsi*. This latter term means any offense involving corrupt deceit, or falsehood by which the public administration of justice may be impeded, such as perjury, subornation of perjury, forgery, bribery of witnesses, conspiracy in procuring non-attendance of witnesses, barratry, counterfeiting, cheating by false weights or measures, and conspiring to accuse an innocent person of crime.

*State v. Surles*, 230 N.C. 272, 283-84, 52 S.E.2d 880, 888 (1949) (Ervin, J., dissenting, quoting Burdick: *Law of Crimes*, section 87).

In *State v. Preston*, 73 N.C. App. 174, 176, 325 S.E.2d 686, 688 (1985), a defendant was convicted of obstruction of justice by the State with evidence proving the elements of deceit and intent to defraud, but the indictment failed "to charge the essential elements of deceit and intent to defraud which are necessary to elevate the misdemeanor offense of obstruction of justice to a felony." As a result the judgment was vacated. Here defendant was indicted for infamous offenses under the common law and G.S. § 14-3(b). As such the offenses are Class H felonies and are properly before the Superior Court under N.C. Gen. Stat. § 7A-271 (1985).

[6] The fifth error argued by defendant was the trial court's refusal to instruct the jury concerning testimony of undercover agents or informants. N.C.P.I., Crim. 104.30. Defendant had raised an entrapment defense. Butler reported a crime to police and cooperated with police in their efforts to gather evidence of the crime. Butler was not in the employ of the police and did not receive payment for his cooperation. The trial court correctly refused to give the requested instruction.

Defendant's sixth assignment of error is the trial court committed plain error in instructing the jury on the law regarding an attempt to commit obstruction of justice. Defendant failed to object to the instruction at trial and cannot assign as error any portion of the jury charge. N.C.R. App. P. 10(b)(2). While the trial court did not utilize the pattern jury instruction (N.C.P.I., Crim. 201.10), the instruction given was a correct statement of law. *State v. Smith*, 300 N.C. 71, 265 S.E.2d 164 (1980). When no objection is made in the trial court, "[i]t is the rare case in which an improper instruction will justify reversal of a criminal conviction . . . ." *State v. Odom*, 307 N.C. 655, 661, 300 S.E.2d 375, 378 (1983) (quoting *Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203, 212 (1977) ). The instruction given does not constitute plain error.

[7] Defendant's final assignment of error is the trial court committed plain error in instructing the jury on the third offense of solicitation to commit obstruction of justice in future cases. Defendant failed to object to this jury instruction at trial and cannot assign as error any portion of the jury charge. N.C.R. App. P. 10(b)(2). The trial court did not commit plain error by giving the jury in-

structions on solicitation to obstruct justice. *Odom*, 307 N.C. 655, 300 S.E.2d 375. As discussed earlier, the State presented evidence of the offense and the trial court correctly instructed the jury on the issue.

For the reasons set forth above, we find

No error.

Chief Judge HEDRICK and Judge GREENE concur.