State v. Jarvis

---

STATE OF NORTH CAROLINA v. JACK REX JARVIS

No. 80ISC782

(Filed 17 February 1981)

Criminal Law § 4— solicitation to commit crime — no felony — no jurisdiction in superior court

The superior court did not err in dismissing an indictment against defendant for lack of subject matter jurisdiction where the indictment alleged that defendant solicited three others to possess and deliver more than one ounce of marijuana, which was not in itself an infamous offense, and the indictment did not charge elements of secrecy, deceit and intent to defraud.

APPEAL by the State from *Brown, Judge.* Order entered 10 June 1980 in Superior Court, CURRITUCK County. Heard in the

Court of Appeals 8 January 1981.

The indictment charged that the defendant "unlawfully and willfully did feloniously, infamously, intentionally, and with malice, entice, advise, incite and solicit Mary Carper, Richard Carper, and Cindy Rodgers to unlawfully, willfully, and feloniously commit a felonious criminal offense, to wit: to unlawfully, willfully, and feloniously possess and deliver more than one ounce of marijuana, a controlled substance listed in Schedule VI of the North Carolina Controlled Substances Act, to Donna Thornhill's residence, with the specific intent that such felonious criminal act be committed in violation of the common law." In a separate count, defendant was charged with violation of N.C.G.S. 14-230 for failing to arrest the above named individuals for misdemeanor possession of marijuana in his presence.

At the close of the State's evidence, defendant made a motion for directed verdict which the trial judge denied. But the judge, *sua sponte*, dismissed the indictment for lack of subject matter jurisdiction.

The State appeals.

*Attorney General Edmisten, by Assistant Attorney General Henry T. Rosser, for the State.*

*Twiford, Trimpi, Thompson & Derrick, by Russell E. Twiford, John G. Trimpi and Jack H. Derrick, for defendant appellee.*

ARNOLD, Judge.

The State challenges the trial judge's ruling that the Superior Court of Currituck County is without jurisdiction to try this case. It is conceded that the second count of the indictment, failure to discharge an official duty in violation of N.C.G.S. 14-230, is a misdemeanor and would normally be tried in the District Court of Currituck County, but the State argues that the solicitation to possess and deliver more than one ounce of marijuana count constitutes a felony and is properly within the jurisdiction of the Superior Court. Further, under N.C.G.S. 15A-926(a) the State would join the misdemeanor for trial with the felony in Superior Court.

Solicitation to commit a felony, at common law, was a misdemeanor. Perkins, Criminal Law 506 (1957). However, N.C.G.S. 14-3(b) states: "If a misdemeanor offense . . . be infamous, done in

secrecy and malice, or with deceit and intent to defraud, the offender shall, . . . be guilty of a felony . . . ." Notwithstanding this statute and reported cases, as we have before noted, there is uncertainty concerning what crimes are considered "infamous." *See, State v. Keen*, 25 N.C. App. 567, 214 S.E. 2d 242 (1975); 28 N.C.L. Rev. 103 (1949).

The State argues that defendant's scheme to solicit others to place marijuana in the home of Ms. Thornhill so that defendant subsequently could discover it and arrest Ms. Thornhill shows cold, calculated malice and is an infamous act. Furthermore, the State says, the concealment of the marijuana in Ms. Thornhill's home, of necessity, would have been done in secrecy, and would have amounted to a deceitful and fraudulent crime, a felony, under G.S. 14-3(b).

Unquestionably the State's position is sound and convincing when the State's evidence is considered. However, it is not what the evidence shows that we must review. It is the indictment. Are the elements of a felony alleged in the bill of indictment? If not we must affirm the trial court's decision that the Superior Court was without jurisdiction.

Defendant here is charged with solicitation. Examination of the indictment reveals that the elements of secrecy, deceit and intent to defraud are not charged. Moreover, we cannot say that solicitation of another to possess and deliver more than one ounce of marijuana is an infamous offense. No felony is alleged in the indictment. The decision of the trial court is

Affirmed.

Judges WELLS and HILL concur.