STATE OF NORTH CAROLINA v. STANLEY LEON PRESTON

No. 8412SC404

(Filed 19 February 1985)

### Obstructing Justice § 1— failure of indictment to charge felony

While the indictment in this case gave defendant adequate notice of the conduct which gave rise to the common law charge of obstruction of justice and was sufficient to constitute a bar to subsequent prosecution for the same offense, it failed to charge the essential elements of deceit and intent to defraud which were necessary to elevate the misdemeanor offense of obstruction of justice to a felony.

APPEAL by defendant from *Preston, Judge.* Judgment entered 23 February 1984 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 15 January 1985.

The defendant was tried upon a true bill of indictment which alleged

that on or about the 8th day of August, 1983, in the county named above the defendant named above unlawfully, willfully and feloniously did obstruct justice by providing the sum of Two Hundred Forty-Five Dollars ($245.00) in United States Currency to Christine Richardson for the purpose of paying fine and court costs in the criminal cases entitled *State of North Carolina versus Goldie McDougal*, 83CR29348 and 83CR29349. The defendant acted with the knowledge that the defendant named therein, "Goldie McDougal" was an alias name for Christine Richardson and that Karen Chevelle Thompson was posing as "Goldie McDougal" at the request of Christine Richardson who had been charged as the defendant under the name of "Goldie McDougal" in 83CR29348 and 83CR29349.

The defendant entered a plea of not guilty; the jury returned a verdict finding the defendant "Guilty of obstructing justice by

deceite [sic]." The court sentenced the defendant as a Class H felon, pursuant to G.S. 14-3(b), and imposed the presumptive term of three years imprisonment. Defendant appealed.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General James C. Gulick, for the State.*

*Paul E. Eaglin for defendant appellant.*

MARTIN, Judge.

Is the indictment sufficient to support the verdict of "Guilty of obstruction of justice by deceit" and the judgment entered thereon sentencing the defendant as a felon? We hold that it is not and vacate the judgment.

Briefly stated, the facts which give rise to this unusual case are as follows: Christine Richardson was well known in the Criminal District Court in Cumberland County, having made frequent appearances there. On 9 July 1983 she was arrested and charged with two counts of possession of stolen goods. At the time of her arrest, she used a fictitious name, "Goldie McDougal." Her trial date in District Court was set for 8 August 1983. On 9 August Christine Richardson, fearing recognition by the judge and assistant district attorney when her cases were called, persuaded Karen Thompson to pose as "Goldie McDougal," to answer when the cases were called, and to enter pleas of guilty. Richardson and the defendant, Preston, who was Richardson's boyfriend, employed John Pechman, an attorney, to represent Thompson (posing as "Goldie McDougal") at sentencing. Pechman was unaware that Thompson was an impostor. A judgment was entered imposing a fine and court costs upon "Goldie McDougal" and the defendant provided the money for the payment of the fine and costs. The scheme was uncovered when one of the victims, who was present in court, advised the assistant district attorney that the person who had answered and pleaded guilty was not the same "Goldie McDougal" as the person who had been arrested and charged on 9 July.

The defendant was indicted and tried in the Superior Court for obstruction of justice, in violation of the common law. At common law, obstruction of justice was a misdemeanor. Perkins on Criminal Law, 2nd Edition 1969, pp. 494-495. G.S. 14-3(b) provides:

If a misdemeanor offense as to which no specific punishment is prescribed be infamous, done in secrecy and malice, or with deceit and intent to defraud, the offender shall, except where the offense is a conspiracy to commit a misdemeanor, be guilty of a Class H felony.

At the trial, the court submitted the case to the jury upon the possible verdicts of "Guilty of obstructing justice by deceit" or "Not Guilty" and instructed the jury that among the elements which the State was required to prove beyond a reasonable doubt were that the defendant knew that Karen Thompson had posed as Christine Richardson, alias Goldie McDougal, and pleaded guilty to the charges and that the defendant's act of providing the money for the payment of fine and costs to Karen Thompson, coupled with his knowledge that she had posed as Christine Richardson, *"was calculated and intended by the defendant to deceive and to defraud the Court."*

The requirements for an indictment are the same, whether the crime charged be statutory or common law. The indictment must allege all essential elements of the offense to be charged in order that the defendant may be adequately informed of the offense with which he is charged; that he have a reasonable opportunity to prepare his defense; that he may be protected from twice being put in jeopardy for the same offense; and that the court, in the event of conviction, may proceed to judgment according to law. *State v. Effler,* 309 N.C. 742, 309 S.E. 2d 203 (1983); *State v. Greer,* 238 N.C. 325, 77 S.E. 2d 917 (1953). While the indictment in the case *sub judice* gives the defendant adequate notice of the conduct which gives rise to the common law charge of obstruction of justice and is sufficient to constitute a bar to subsequent prosecution for the same offense, it fails to charge the essential elements of deceit and intent to defraud which are necessary to elevate the misdemeanor offense of obstruction of justice to a felony. See *State v. Jarvis,* 50 N.C. App. 679, 274 S.E. 2d 852 (1981). The indictment was, therefore, insufficient to support the judgment convicting the defendant of a Class H felony. At most, the indictment would support the conviction of the misdemeanor of common law obstruction of justice.

G.S. 7A-272 provides that the District Court "has exclusive, original jurisdiction for the trial of criminal actions . . . below the

grade of felony . . . .” We are therefore compelled to hold that the Superior Court of Cumberland County was without jurisdiction and the judgment must be vacated.

Vacated.

Judges ARNOLD and WELLS concur.