STATE OF NORTH CAROLINA v. STEVEN WAYNE BELL

No. COA95-291

(Filed 5 March 1996)

**Criminal Law § 6 (NCI4th)— misdemeanor charged in indictment—no jurisdiction of superior court**

The superior court lacked jurisdiction over defendant's case where defendant was charged with the misdemeanor of attempted second degree kidnapping, and that charge was never elevated to a felony pursuant to N.C.G.S. § 14-3(b) by an allegation that the offense was "infamous" or "done in secrecy and malice" or done "with deceit and intent to defraud."

**Am Jur 2d, Criminal Law §§ 24, 25.**

Appeal by defendant from order entered 29 July 1994 and judgment and commitment entered 17 November 1994 by Judge Wiley F. Bowen in Cumberland County Superior Court. Heard in the Court of Appeals 9 January 1996.

This appeal arises from defendant's conviction for attempted second degree kidnapping. At trial, the State's evidence tended to show that during the evening of 31 July 1992, Lisa Bunner and her nine-year-old daughter went to the Winn-Dixie grocery store in Falcon Village Shopping Center in Fayetteville, North Carolina. After Ms. Bunner finished her shopping, she and her daughter returned to their parked car in a well-lighted portion of the parking lot. Ms. Bunner unlocked the driver's side door and then reached over and unlocked the passenger's side door for her daughter. Ms. Bunner, still standing outside the car, reached into the car again to unlock the back door on her side of the car. When she turned, she realized that a man, later identified as defendant, was standing behind the back door next to her. Defendant was carrying a case of beer and Ms. Bunner could smell alcohol on his

breath. Ms. Bunner testified that defendant said "I'd like to get to know you better" and Ms. Bunner then asked defendant to leave. Defendant moved closer to Ms. Bunner while she tried to pick up the groceries she had dropped on the ground. As she pushed against him to try to get into her car, she noticed that her daughter had run into the grocery store. Ms. Bunner got into her car, but defendant then pulled out a knife and stuck it to her ribs. Defendant began forcing his way into the car but Ms. Bunner "squirmed" across the front seat, got out of the car through the passenger side door, and ran to the store. Defendant ran from the parking lot, but Ms. Bunner described defendant to the law enforcement officer who arrived on the scene. Defendant was apprehended shortly thereafter not far from the grocery store.

Defendant was indicted on 16 November 1992 for attempted second degree kidnapping. A jury found defendant guilty of attempted second degree kidnapping and the trial court sentenced defendant to ten years in prison. Defendant appeals.

*Attorney General Michael F. Easley, by Assistant Attorney General Harriet F. Worley, for the State.*

*Boose & McSwain, by Ronald D. McSwain, for defendant-appellant.*

EAGLES, Judge.

Defendant argues that the superior court erred in denying defendant's motion to dismiss because the superior court lacked jurisdiction to try the case. The superior court has "exclusive, original jurisdiction" to try defendants accused of felonies. G.S. 7A-271(a). The district court has jurisdiction over the trial of misdemeanors. G.S. 7A-272(a). Defendant argues that the superior court lacked jurisdiction over defendant's case because defendant was charged with a misdemeanor and the indictment did not raise the offense to a felony pursuant to G.S. 14-3(b). We agree.

An attempt to commit a felony is a misdemeanor. *State v. Collins*, 334 N.C. 54, 59, 431 S.E.2d 188, 191 (1993). Defendant was indicted for "Attempted Second Degree Kidnapping . . . for the purpose of facilitating the commission of a felony." Pursuant to G.S. 14-3(b), a misdemeanor is elevated to a Class H felony if the misdemeanor offense is "infamous, done in secrecy and malice, or with deceit and intent to defraud." Here, the misdemeanor charge of attempted second degree kidnapping was never elevated to a Class H felony.

A bill of indictment "must allege all essential elements of the offense to be charged . . . [so] that the defendant may be adequately informed of the offense with which he is charged . . . [and may] have a reasonable opportunity to prepare his defense." *State v. Preston*, 73 N.C. App. 174, 176, 325 S.E.2d 686, 688 (1985). The indictment charging defendant with attempted second degree kidnapping stated that defendant "unlawfully, willfully and feloniously did attempt to kidnap Lisa Bunnell [sic], . . . by unlawfully restraining her and removing her from one place to another, without her consent, and for the purpose of facilitating the commission of a felony." The indictment failed to charge that the offense was "infamous" or "done in secrecy and malice" or done "with deceit and intent to defraud." To elevate the misdemeanor offense to a felony pursuant to G.S. 14-3(b), the indictment must specifically state that the offense was "infamous" or "done in secrecy and malice" or done "with deceit and intent to defraud." *State v. Rambert*, 116 N.C. App. 89, 94, 446 S.E.2d 599, 602 (1994), *reversed in part and remanded in part on other grounds*, 341 N.C. 173, 459 S.E.2d 510 (1995); *State v. Clemmons*, 100 N.C. App. 286, 292, 396 S.E.2d 616, 619 (1990); *Preston*, 73 N.C. App. at 176, 325 S.E.2d at 688. The indictment here failed to notify defendant that the State sought a conviction for a felony; the indictment only charged defendant with a misdemeanor. Accordingly, the superior court did not have subject matter jurisdiction over the case. *See State v. Jarvis*, 50 N.C. App. 679, 681, 274 S.E.2d 852, 853 (1981) (stating that the superior court does not have jurisdiction over an offense if the indictment fails to allege the elements of a felony).

If the State had properly alleged in the indictment that the offense charged was "infamous," *see Rambert*, 116 N.C. App. at 94, 446 S.E.2d at 602, we believe that attempted second degree kidnapping would meet the requirements of an "infamous" offense within the meaning of G.S. 14-3(b). *See State v. Mann*, 317 N.C. 164, 172, 345 S.E.2d 365, 370 (1986) (holding solicitation to commit common law robbery is "an act of depravity[,] . . . involv[es] moral turpitude[,] . . . and [reveals] a mind fatally bent on mischief and a heart devoid of social duties").

Because we hold that the superior court lacked subject matter jurisdiction over defendant's case, we need not address defendant's remaining assignments of error.

Vacated and remanded.

Judges MARTIN, John C., and MARTIN, Mark D., concur.