STATE OF NORTH CAROLINA v. QUINTEN LAVAUGHN BLOUNT, DEFENDANT

No. COA10-352

(Filed 18 January 2011)

**1. Indictment and Information— felony obstruction of justice —elevation of charge from misdemeanor to felony— subject matter jurisdiction**

The superior court had subject matter jurisdiction to accept defendant's guilty plea to felony obstruction of justice. The indictment on its face was sufficient to elevate the charge from a misdemeanor to a felony under N.C.G.S. § 14-3.

**2. Sentencing— mitigating range—plea arrangement**

The Court of Appeals granted defendant's petition for writ of *certiorari* and concluded that the trial court did not fail to comply with the sentencing procedures under N.C.G.S. § 15A-1024. Although defendant characterized the plea arrangement as requiring the trial court to sentence defendant within the mitigated range, this interpretation was not supported by the plain language of the plea arrangement.

**3. Sentencing— prior record level—miscalculation harmless error**

The trial court committed harmless error by its calculation of defendant's prior record level. The correct calculation of defendant's prior record points did not affect the determination of his prior record level.

**4. Sentencing— restitution—sufficiency of findings—clerical error**

The trial court erred by ordering defendant to pay $6,225 in restitution, and the order was vacated and remanded. No evidence was presented in support of the restitution worksheet, and defendant did not stipulate to the specified amount. Further, on remand the clerical error on the restitution worksheet listing Williams as an "aggrieved party" should be changed to list him as the "victim."

Appeal by defendant from judgment entered 2 November 2009 by Judge Kenneth F. Crow in Lenoir County Superior Court. Heard in the Court of Appeals 27 October 2010.

STATE v. BLOUNT

[209 N.C. App. 340 (2011)]

*Attorney General Roy Cooper, by Assistant Attorney General Jennifer M. Jones, for the State.*

*John T. Hall for defendant-appellant.*

HUNTER, Robert C., Judge.

Defendant Quinten Lavaughn Blount appeals from the judgment entered on his guilty plea to felony possession of stolen goods and felony obstruction of justice. Defendant's principal argument on appeal is that the trial court lacked subject-matter jurisdiction to accept his plea to felony obstruction of justice as the indictment is insufficient to elevate the misdemeanor charge to a felony. We conclude that the indictment is sufficient to elevate the charge and thus the trial court had jurisdiction to enter judgment on defendant's guilty plea. With respect to the trial court's restitution order, however, we conclude that it is not supported by sufficient evidence in the record. Accordingly, we vacate and remand the court's restitution order.

## Facts

The State's summary of the factual basis for defendant's pleas tended to establish that on 7 July 2008, Detective R.A. Pearson, Jr., with the Lenoir County Sheriff's Department, began investigating a break in at Williams' Auto Sale, in Grifton, North Carolina. Detective Pearson spoke with Garland Williams, the owner of the business, who stated that several items were missing from his shop, including a tow dolly, an impact wrench, an air compressor, a sawzall, a mower, a weed-eater, two electric drills, and three car CD players. About a month later, on 8 August 2008, Mr. Williams spotted a red Ford Explorer parked on the side of the road, with the missing tow dolly hitched behind the vehicle and towing a brown Plymouth Acclaim. Although the tow dolly had been re-painted, Mr. Williams recognized it as being the one taken from his shop by the wench he had installed on it. Mr. Williams called the Lenoir County Sheriff's Department and Detective Tim Murray, along with Detective Pearson, came out to the scene. The detectives were able to see an air compressor inside the Explorer, but were unable to confirm that it was the one taken from Mr. Williams's shop because the vehicle was locked. Using the license plate number, the detectives determined that the Explorer was registered to Lindsey Rouse. The detectives were also able to trace the Acclaim to Willie Sutton, who had previously reported the vehicle stolen in Craven County.

Detective Pearson returned the tow dolly to Mr. Williams, had Webb's Wrecker Service impound the Explorer and Acclaim, and asked to be notified if anyone contacted Webb's to claim the Explorer. On 11 August 2008, Webb's called Detective Pearson and told him that Ms. Rouse wanted to retrieve her vehicle. A detective went to Webb's and interviewed Ms. Rouse, who explained that the Explorer belonged to defendant, but instead of using his real name (Quinten Lavaughn Blount), she identified him as "Quinten Corbett." She also told the detective that defendant had a bill of sale for the tow dolly. When Ms. Rouse and defendant went to Webb's the next day to get the Explorer from the impound yard, they produced a hand-written bill of sale for the tow dolly. Detective Chris Cahoon, who was at Webb's to assist in the investigation, asked Ms. Rouse for permission to search the Explorer. Ms. Rouse consented and Detective Cahoon found several power tools that matched the description of the items taken from Mr. Williams' shop. Detective Cahoon also found inside the Explorer a note stating that Ms. Rouse should tell investigators that the tow dolly belonged to her "boyfriend, Quinten Corbett" and that she let her boyfriend's uncle use the Explorer and tow dolly to pick up the Acclaim, which he had just purchased. The note also indicated that Ms. Rouse should tell investigators that "Mr. Corbett" was living in Florida, but that she would call his mother to see if she could find the bill of sale for the tow dolly.

When Detective Pearson interviewed defendant, he initially said that he had purchased the tow dolly in Ahoskie in 2007 and that his uncle—not he—was using the Explorer and tow dolly to pick up the Acclaim when the vehicles were impounded. Detective Pearson told defendant that the tow dolly had been positively identified by its owner and that several items found in the Explorer matched the description of items taken from the same location from which the tow dolly was taken. Defendant denied taking the tow dolly or any of the other items. Later during the conversation, defendant told Detective Pearson that he had purchased all the items in the Explorer, but was unable to provide any receipts. Defendant also told Detective Pearson that he and another man, Malcolm Smith, had taken the Acclaim from a residence on Highway 55 East. Mr. Smith, who was interviewed separately, admitted to being with defendant when the Acclaim was taken. All the items in the Explorer were seized and taken to the sheriff's office, where Mr. Williams identified the items as the property taken from his shop.

Defendant, during the entire investigation, told the investigating officers that his name was Quinten Bernard Corbett, and was initially indicted for possession of stolen goods under that name until it was discovered that his legal name was Quinten Lavaughn Blount. Defendant was subsequently charged with one count of possession of stolen goods, one count of possession of a stolen motor vehicle, and two counts of common law obstruction of justice. A hearing was held on 2 November 2009, where defendant pled guilty to felony possession of stolen goods and felony obstruction of justice. The trial court sentenced defendant to a presumptive-range term of eight to 10 months imprisonment and ordered defendant to pay $6,225.00 in restitution to Mr. Williams. Defendant timely appealed to this Court.

I

[1] Defendant first argues that the superior court lacked subject-matter jurisdiction to accept his guilty plea to felony obstruction of justice as the indictment was insufficient, on its face, to elevate the charge from a misdemeanor to a felony under N.C. Gen. Stat. § 14-3 (2009). Although the State contends that defendant waived appellate review of this issue by pleading guilty, it is well established that a defendant may challenge the sufficiency of the indictment despite having knowingly and voluntarily pled guilty to the charge. *See State v. McGee,* 175 N.C. App. 586, 587, 623 S.E.2d 782, 784 (2006) ("By knowingly and voluntarily pleading guilty, an accused waives all defenses other than the sufficiency of the indictment."), *disc. review denied,* 360 N.C. 489, 632 S.E.2d 768 (2006). Where, as here, "an indictment is alleged to be invalid on its face, thereby depriving the trial court of its jurisdiction, a challenge to that indictment may be made at any time, even if it was not contested in the trial court." *State v. Wallace,* 351 N.C. 481, 503, 528 S.E.2d 326, 341, *cert. denied,* 531 U.S. 1018, 148 L. Ed. 2d 498 (2000).

"[A]n indictment is fatally defective when the indictment fails on the face of the record to charge an essential element of the offense." *State v. Bartley,* 156 N.C. App. 490, 499, 577 S.E.2d 319, 324-25 (2003). Common law obstruction of justice, the offense with which defendant was charged, is ordinarily a misdemeanor. *State v. Preston,* 73 N.C. App. 174, 175, 325 S.E.2d 686, 688 (1985). N.C. Gen. Stat. § 14-3(b) provides that a misdemeanor may be elevated to a felony if the indictment alleges that the offense is "infamous, done in secrecy and malice, or [done] with deceit and intent to defraud . . . ." This Court has held that "[t]o elevate the misdemeanor offense to a felony

pursuant to G.S. 14-3(b), the indictment must specifically state that the offense was 'infamous' or 'done in secrecy and malice' or done 'with deceit and intent to defraud.' " *State v. Bell,* 121 N.C. App. 700, 702, 468 S.E.2d 484, 486 (1996) (quoting N.C. Gen. Stat. § 14-3(b)); *accord State v. Rambert,* 116 N.C. App. 89, 93-94, 446 S.E.2d 599, 602 (1994) ("[F]or a conviction to be elevated under N.C. Gen. Stat. § 14-3(b), the indictment must warn the defendant of a possible elevation to felony status with a specific reference to 'infamy,' 'secrecy and malice,' or 'deceit and intent to defraud.' " (quoting N.C. Gen. Stat. § 14-3(b))), *rev'd in part on other grounds,* 341 N.C. 173, 459 S.E.2d 510 (1995). Where "[t]he indictment . . . fail[s] to notify [the] defendant that the State s[eeks] a conviction for a felony" under N.C. Gen. Stat. § 14-3(b), "the superior court d[oes] not have subject matter jurisdiction over the case." *Bell,* 121 N.C. App. at 702, 468 S.E.2d at 486; *Preston,* 73 N.C. App. at 176-77, 325 S.E.2d at 688-89.

The indictment in this case alleges in pertinent part that defendant "unlawfully, willfully and feloniously did obstruct justice by providing the false name of Quinton Bernard Corbett during a felony investigation, when in fact his real name is Quinten Lavaughn Blount. *This act was done with deceit and intent to interfere with justice.*" (Emphasis added.) Defendant contends that the discrepancy between § 14-3(b)'s language—"deceit and intent to defraud"—and the indictment's—"deceit and intent to interfere with justice"—is fatal to the trial court's jurisdiction. While defendant is correct that the indictment does not use the precise language supplied in § 14-3(b), we believe that the phrase used in the indictment is sufficiently similar to the statute's to provide adequate notice to defendant that the State intended to seek elevation of the offense to felony status. The indictment, moreover, alleges that defendant committed the act constituting the offense "unlawfully, willfully and feloniously." *See State v. Haskins,* 160 N.C. App. 349, 355, 585 S.E.2d 766, 770 (explaining that "these words are used to characterize the offense as a felony offense and to put the defendant on notice that he must defend against a felony charge"), *appeal dismissed and disc. review denied,* 357 N.C. 580, 589 S.E.2d 356 (2003).

In *State v. Clemmons,* 100 N.C. App. 286, 292, 396 S.E.2d 616, 619 (1990), this Court held that the indictments in that case were sufficient under § 14-3(b) to elevate charges of soliciting obstruction of justice and attempted obstruction of justice to felonies because, in addition to "charg[ing] that the offenses were infamous," the "indictments detailed [the] defendant's actions involving elements of deceit

and intent to defraud." The indictment in this case similarly "detail[s]" conduct by defendant involving deceit and intent to defraud: "obstruct[ing] justice by providing [a] false name . . . during a felony investigation." We, therefore, conclude that the indictment in this case is sufficient under § 14-3(b) to allege felony obstruction of justice. The trial court had jurisdiction to accept defendant's plea to that charge.

II

**[2]** Defendant next argues that the trial court failed to comply with the sentencing procedures set out in N.C. Gen. Stat. § 15A-1024 (2009). As an initial matter, we note that a challenge to the procedures followed in accepting a guilty plea does not come within the scope of N.C. Gen. Stat. § 15A-1444 (2009), which specifies the grounds for appeals as of right. *State v. Carriker*, 180 N.C. App. 470, 471, 637 S.E.2d 557, 558 (2006); *State v. Rhodes*, 163 N.C. App. 191, 193, 592 S.E.2d 731, 732 (2004). Consequently, a defendant seeking review of the trial court's compliance with N.C. Gen. Stat. § 15A-1024 "must obtain grant of a writ of certiorari." *Carriker*, 180 N.C. App. at 471, 637 S.E.2d at 558. As defendant has requested this Court to "review . . . this issue by writ of certiorari[,]" and the State does not oppose the petition, we grant defendant's petition and review his contention.

N.C. Gen. Stat. § 15A-1024 provides:

> If at the time of sentencing, the judge for any reason determines to impose a sentence other than provided for in a plea arrangement between the parties, the judge must inform the defendant of that fact and inform the defendant that he may withdraw his plea. Upon withdrawal, the defendant is entitled to a continuance until the next session of court.

The Supreme Court has explained that N.C. Gen. Stat. § 15A-1024 applies when

> the trial judge does not reject a plea arrangement when it is presented to him but hears the evidence and at the time for sentencing determines that a sentence different from that provided for in the plea arrangement must be imposed. Under the express provisions of this statute a defendant is entitled to withdraw his plea and as a matter of right have his case continued until the next term.

*State v. Williams,* 291 N.C. 442, 446-47, 230 S.E.2d 515, 517-18 (1976) (emphasis omitted). Thus, once the trial court decides to impose a sentence different from the one provided in the plea agreement, the court must (1) inform the defendant of its decision; (2) inform the defendant that he or she may withdraw his or her plea; and (3) if the defendant chooses to withdraw his or her plea, grant a continuance until the next session of court. *State v. Wall,* 167 N.C. App. 312, 314, 605 S.E.2d 205, 207 (2004); *Rhodes,* 163 N.C. App. at 195, 592 S.E.2d at 733.

Defendant argues that the trial court, by sentencing him in the presumptive range rather than the mitigated range, "did not honor [his] plea bargain" with the State. Although defendant characterizes the plea arrangement as requiring the trial court to sentence defendant within the mitigated range, this interpretation is not supported by the plain language of the plea arrangement as written in the transcript of plea:

> Defendant shall plead guilty to one count of Possession of Stolen Goods and one count of Common Law Obstruction of Justice. The State shall dismiss all remaining charges and the defendant shall not be further prosecuted for any conduct arising out of this matter. *The State shall not object to punishment in the mitigated range of punishment.*

(Emphasis added.) The terms of the plea arrangement do not provide for a mitigated-range sentence—only that the State would "not object" to such a sentence. There was thus no agreed-upon sentence for the trial court to reject. Defendant's argument is overruled.

### III

**[3]** Defendant also argues that the trial court erred in calculating his prior record level. The prior record level worksheet submitted in this case indicates that defendant has one prior Class I felony conviction and four prior Class A1 or misdemeanor convictions. Defendant does not challenge the validity of any of these convictions on appeal. Rather, defendant contends that because Class I convictions are assigned two points each under N.C. Gen. Stat. § 15A-1340.14(b)(4) (2009) and Class A1 and misdemeanor convictions are assigned one point each under N.C. Gen. Stat. § 15A-1340.14(b)(5), the trial court incorrectly determined that defendant had a total of eight points rather than six.

The State acknowledges the error but points out that defendant was assigned a prior record level of III, which required five but not

more than eight points. N.C. Gen. Stat. § 15A-1340.14(c)(3) (2007).[1] As the correct calculation of defendant's prior record points does not affect the determination of his prior record level, the error is harmless. *See State v. Smith*, 139 N.C. App. 209, 220, 533 S.E.2d 518, 524 (holding that error in calculating defendant's prior record points is harmless if the error does not affect the determination of defendant's prior record level), *appeal dismissed*, 353 N.C. 277, 546 S.E.2d 391 (2000).

IV

**[4]** Defendant also argues that the trial court erred by "order[ing] payment of an amount of restitution that was not supported by competent evidence." As a threshold issue, the State contends that defendant failed to preserve this issue for appellate review by not "timely object[ing] when the trial court entered the $6,225.00 restitution judgment against him . . . ." While it is undisputed that defendant failed to object to the trial court's entry of an award of restitution, this Court has repeatedly held that the issue of restitution is preserved for appellate review under N.C. Gen. Stat. § 15A-1446(d)(18) (2009), which allows for review of sentencing errors where there was no objection at trial. *See State v. Davis*, —— N.C. App. ——, ——, 696 S.E.2d 917, 921 (2010) ("[I]t is well established that a restitution order may be reviewed on appeal despite no objection to its entry."); *State v. Mauer*, —— N.C. App. ——, ——, 688 S.E.2d 774, 777-78 (2010) ("[T]his Court has consistently held that pursuant to N.C. Gen. Stat. § 15A-1446(d)(18) (2007) a defendant's failure to specifically object to the trial court's entry of an award of restitution does not preclude appellate review."); *State v. Shelton*, 167 N.C. App. 225, 233, 605 S.E.2d 228, 233 (2004) ("While defendant did not specifically object to the trial court's entry of an award of restitution, this issue is deemed preserved for appellate review under N.C. Gen. Stat. § 15A-1446(d)(18)."); *State v. Reynolds*, 161 N.C. App. 144, 148-49, 587 S.E.2d 456, 459-60 (2003) (holding that notwithstanding defendant's failure to object to the trial court's "requiring him to pay . . . restitution," issue was preserved for appellate review pursuant to N.C. Gen. Stat. § 15A-1446(d)(18)).

The amount of restitution ordered by the trial court must be supported by competent evidence presented at trial or sentencing. *State*

---

1. N.C. Gen. Stat. § 15A-1340.14(c) was amended in 2009 to require at least six but not more than nine points. *See* 2009 N.C. Sess. Law 555, § 1. As the amended statute "applies to offenses committed on or after" 1 December 2009, and the offenses for which defendant was convicted occurred prior to 1 December 2009, the prior version of N.C. Gen. Stat. § 15A-1340.14(c) governs this case.

*v. Wilson*, 340 N.C. 720, 726, 459 S.E.2d 192, 196 (1995). Here, during sentencing, the prosecutor presented a restitution worksheet specifying that the State was requesting $6,225.00 in restitution for Mr. Williams, the owner of the tow dolly and tools taken from his shop. Mr. Williams did not testify and no additional documentation was submitted in support of the worksheet. Neither defendant nor his trial counsel stipulated to the worksheet. A restitution worksheet, unsupported by testimony, documentation, or stipulation, "is insufficient to support an order of restitution." *Mauer*, —— N.C. App. at ——, 688 S.E.2d at 778; *see also State v. Swann*, 197 N.C. App. 221, 225, 676 S.E.2d 654, 657-58 (2009) (vacating restitution award where "[t]he victim did not testify[,] . . . the worksheet was not supported by any documentation[, and] [d]efendant did not stipulate to the worksheet"); *State v. Calvino*, 179 N.C. App. 219, 223, 632 S.E.2d 839, 843 (2006) ("Here, at the sentencing hearing, the prosecutor noted that the State had a 'restitution sheet' requesting reimbursement from defendant of $600 for SBI 'lab work,' and $100 to the 'Dare County Sheriff's Office Special Funds.' However, defendant did not stipulate to these amounts and no evidence was introduced at trial or at sentencing in support of the calculation of these amounts. We vacate the restitution order and remand for a hearing on the matter at resentencing."). As no evidence was presented in support of the restitution worksheet, and defendant did not stipulate to the amount specified, the trial court erred in ordering defendant to pay $6,225.00 in restitution. We, therefore, vacate the trial court's restitution order and remand for rehearing on the issue.

For purposes of remanding this case, we note a clerical error on the restitution worksheet. Mr. Williams is listed on the worksheet as an "aggrieved party," rather than as a "victim." N.C. Gen. Stat. § 15A-1340.34(a) (2009) defines a "victim" as "a person directly and proximately harmed as a result of the defendant's commission of the criminal offense." Mr. Williams, whose property was taken and found in the possession of defendant, meets N.C. Gen. Stat. § 15A-1340.34(a)'s definition of a victim and should be listed as such on the restitution worksheet. *See State v. Davis*, 123 N.C. App. 240, 242-43, 472 S.E.2d 392, 393 (1996) ("[A] court of record has the inherent power to make its records speak the truth and, to that end, to amend its records to correct clerical mistakes or supply defects or omissions therein.").

Affirmed in part; vacated and remanded in part.

Judges CALABRIA and GEER concur.