An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-841

NORTH CAROLINA COURT OF APPEALS

Filed: 20 January 2015

STATE OF NORTH CAROLINA

    v.

CHRISTOPHER LEE THOMAS

Johnston County
Nos. 14 CRS 372-73

Appeal by defendant from judgment entered 7 May 2014 by Judge Thomas H. Lock in Johnston County Superior Court. Heard in the Court of Appeals 15 December 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Teresa M. Postell, for the State.*
>
> *Winifred H. Dillon for defendant-appellant.*

STEELMAN, Judge.

Defendant pled guilty to the felony of common law obstruction of justice and attaining habitual felon status. The court imposed an active, mitigated range sentence of 38 to 58 months imprisonment.

Defendant appeals.

Defendant's appointed counsel has filed a brief in which she requests review in accordance with *Anders v. California*, 386

U.S. 738, 18 L. Ed. 2d 493 (1967) and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985). In accordance with those decisions, she states that after carefully reviewing the record and transcript, researching the applicable law, and consulting with the Office of the Appellate Defender, she is "unable to identify any issue arising from the proceedings with sufficient merit to support a meaningful argument for relief on appeal, and concludes that this appeal is wholly frivolous." She asks this Court to examine the record on appeal for any possible error she may have overlooked.

As an appendix to the brief, counsel attached a letter mailed to defendant on 16 August 2014 in which defendant was advised that counsel was unable to find any meritorious issue to be argued on appeal. Defendant was also advised that this Court had been asked to conduct its own independent review of the record for possible error and that he had the right to submit his own written arguments to this Court. To assist defendant with filing his own arguments, counsel enclosed a copy of the brief filed on defendant's behalf and the printed record on appeal supplementing the stenographic transcript of the plea and sentencing hearing previously mailed to defendant. Counsel also provided defendant with the address to which to mail his

written arguments. Counsel further directed defendant to mail a copy of the arguments to the Attorney General, and provided the mailing address.

Counsel also directs our attention to one possible issue concerning the indictment, which charged that defendant "unlawfully, willfully and feloniously did obstruct justice by falsely representing himself as Eddie Atkinson, during a law enforcement investigation when in fact his name is Christopher Lee Thomas. This offense was committed with deceit and intent to fraud." Counsel notes that the statute elevating a misdemeanor offense to a felony uses the words "with deceit and intent to defraud." *See* N.C. Gen. Stat. § 14-3(b) (2013). Counsel acknowledges that the language of an indictment does not need to track a statute as long as the language is "sufficiently similar" to the statutory language and provides the defendant with adequate notice of the State's intent. *See State v. Blount*, 209 N.C. App. 340, 344-45, 703 S.E.2d 921, 924-25 (2011) (holding language in indictment charging that the defendant obstructed justice by providing a false name "with deceit and intent to interfere with justice" was sufficiently similar to provide the defendant with notice that the State intended to

elevate the offense to felony status). The indictment in the instant case was sufficient to charge defendant with a felony.

Defendant has not filed any written arguments. After careful review of the record, we are unable to find error to support a meaningful appeal.

AFFIRMED.

Judges ELMORE and DILLON concur.

Report per Rule 30(e).